## STONE–ORDEAN–WELLS CO., APPELLANT, *v.* ANDERSON ET AL., RESPONDENTS.

(No. 5,018.)

(Submitted January 24, 1923. Decided February 10, 1923.)

[212 Pac. 853.]

*Assignments for Benefit of Creditors—Release of Debtor— Consideration—Principal and Agent—Public Policy—Evidence—Varying Writing by Parol.*

Assignment for Benefit of Creditors—Release of Debtor from Liabilities—Evidence—Varying Writing by Parol.

1. In an action for a balance of an account, the defense in which was release and discharge under a written agreement whereby in consideration of defendant making an assignment for the benefit of his creditors he should be released from all existing liabilities, testimony that plaintiff's manager was present when the arrangement was made urging the execution of the assignment with the releasing provision in mind, was competent on the question of assent by plaintiff and as tending to prove the consideration for the agreement, and was not objectionable as tending to vary the terms of the assignment.

Same—Release of Debtor—When Binding—Public Policy.

2. While a provision in an assignment for the benefit of creditors that the debtor by making it shall be released from all existing liabilities may be void as against public policy when attacked by nonconsenting creditors, it is binding upon a consenting creditor and especially so where the plaintiff through its manager urged the assignment with the release provision and shared in the distribution of the proceeds of liquidation thereunder.

---

1. General rule that parol evidence is not admissible to vary, add to or alter a written contract, see notes in 56 **Am. St. Rep.** 659; 17 **L. R. A.** 270.

Same—When Principal Bound by Agreement of Agent.
3. Under section 7959, Revised Codes of 1921, plaintiff corporation must be deemed to have had notice of the facts known to its manager in entering into an agreement whereby its debtor was released from liabilities by his assignment for the benefit of creditors, and its voluntary acceptance of the benefits of the transaction was equivalent to a consent to it.

Same—Release of Debtor—Consideration—Sufficiency.
4. *Held,* that the loss sustained by a debtor in agreeing to make an assignment for the benefit of his creditors was a sufficient consideration for his release from liabilities owing by him to them, under section 7503, Revised Codes, in that he suffered a prejudice which he was not lawfully bound to suffer.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the Stone-Ordean-Wells Company against F. S. Anderson and another, partners as Anderson & Bull. Judgment for defendants, and plaintiff appeals. Affirmed.

*Mr. T. F. McCue,* for Appellant, submitted a brief and argued the cause orally.

The clause in the general assignment, providing for a release and discharge, is void and against public policy. (*Duggan* v. *Bliss,* 4 Colo. 223, 34 Am. Rep. 80; *Nesbitt* v. *Didgy,* 13 Ill. 387; *Butler* v. *Jaffray,* 12 Ind. 504; *Franzen* v. *Hutchinson,* 94 Iowa, 95, 62 N. W. 698; *Hubbard* v. *McNaughton,* 43 Mich. 220, 38 Am. Rep. 176, 2 N. W. 293; *Moore* v. *Bettigen,* 116 Minn. 142, 133 N. W. 561.)

The mere fact that M. W. Eich was manager of the Great Falls branch of plaintiff company did not give him any implied authority to release or discharge an obligation due to his principal. (*Eaton* v. *Knowles,* 61 Mich. 625, 28 N. W. 740.) Where the power and duties of an agent are not reduced to writing, his testimony is competent to prove the fact in reference to the nature and extent of his authority. (2 C. J. 935; *Ayer & Lord Tie Co.* v. *Young,* 90 Ark. 104, 117 S. W. 1080; *Kast* v. *Miller,* 159 Cal. 723, 115 Pac. 932; *O'Leary* v. *German Am. Ins. Co.,* 100 Iowa, 390, 69 N. W. 686; *Schlitz Brewing Co.* v. *Grimmon,* 28 Nev. 235, 81 Pac. 43; *Reeves* v. *Bruening,* 13 N. D. 157, 100 N. W. 241; *Whitcomb* v. *Oiler,*

66 Mont.—5

41 Okl. 331, 137 Pac. 709; *Somers* v. *Germania Nat. Bank*, 152 Wis. 210, 138 N. W. 713) ; also the fact that he had no authority to do the act in question. (*Gilliland* v. *Dunn*, 136 Ala. 327, 34 South. 25; *Cottondale St. Bank* v. *Burroughs Adding Machine Co.*, 61 Fla. 143, 54 South. 896; *Chicasha Cotton Oil Co.* v. *Lamb & Tyner*, 28 Okl. 275, 114 Pac. 333; *Fee* v. *Adams Ex. Co.*, 38 Pa. Super. Ct. 83.)

We contend that no special consideration can be shown for the execution and delivery of a general assignment for the benefit of creditors, other than what the law implies, namely, that of the purpose of paying the debts of the assignor. (*Rosenstein* v. *Coleman*, 18 Mont. 459, 45 Pac. 1081.)

*Mr. R. M. Armour* and *Mr. H. R. Eickemeyer*, for Respondent, submitted a brief; *Mr. Eickemeyer* argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

On December 8, 1915, defendant C. A. Bull, being then heavily indebted, made an assignment for the benefit of creditors to the Northern Montana Association of Credit Men, a Corporation, as assignee. Prior to the time of the assignment, defendant Bull had been transacting business, both individually and as a partner of defendant F. S. Anderson. One of the creditors of Bull was the plaintiff, Stone-Ordean-Wells Company, a corporation, which company had sold goods to the partnership of Anderson and Bull for which it had not been paid at the time of the assignment. This concern held membership in the Association of Credit Men already referred to. The assignment was requested by creditors of Bull. A meeting of these creditors was held which was attended by Bull. Among those present was the Montana manager of the plaintiff company. At that time Bull, who had been advised to take the benefit of the Federal Bankruptcy Act, was informed by plaintiff's manager that, if he would make the assignment, he would be released from his indebtedness. The assignment was made at or immediately following this meeting.

It was, however, provided that, as to the assets of Anderson and Bull, they would not be taken over under the assignment, unless Anderson agreed thereto. Shortly thereafter, Anderson was informed of the situation, and was solicited by the plaintiff's manager to consent to the taking over of the Anderson and Bull property. At the time Anderson stated that he thought the firm business would pay out, if left alone. Nevertheless he inquired of the manager what the effect of his consenting would be, and was informed that he would be released from all existing liability. Later, at the request of the manager of the assignee, Anderson did give his consent. This put into the hands of the assignee all of the separate assets of Bull and the partnership assets of Anderson and Bull. One of the provisions of the assignment was:

"It is further understood and agreed by the execution and acceptance of this assignment, that the said assignee will procure from each and every creditor of this assignor a full receipt and discharge for said assignor of all of his liabilities, and that this assignor shall not be required to account to any creditor for any indebtedness whatsoever now incurred or existing against him."

The assets turned over to the assignee were converted into cash, and, after deduction of expenses, distributed to the creditors. After deducting the dividends from the amount of plaintiff's account, there remained a balance of $285.21. This action was brought by plaintiff against defendants as an action for debt on open account, setting up the original amount, the amount of the payments, which though not alleged as such, were the dividends received from the assignee, and praying for a judgment for the balance. Defendants answered admitting the original indebtedness and among other allegations pleading payment, release and discharge. Plaintiff replied, alleging that the release was void and without consideration. The cause was tried to the court sitting without jury. Testimony was taken, findings of fact and conclusions of law were made, and judgment was entered thereon in favor of the defendants. The findings were to the

effect that the claim of the plaintiff was released by the assignment, which contained the above-quoted provision, and which was assented to by the plaintiff. Plaintiff appealed from the judgment.

There are numerous specifications of error, which, taken together, may be resolved into the following propositions: (1) That the court erred in admitting testimony, and that therefore there is no competent testimony to support the findings; (2) that the release was invalid as against public policy; (3) that plaintiff was not bound by the terms of the release; (4) that by the terms of the assignment it was not a present release, and that the assignee had not secured such a release as was contemplated.

The testimony which it is contended was erroneously admitted was that of each of the defendants, which related the conversations with and actions of plaintiff's manager with reference to the effect of the assignment on defendants' existing liabilities. Appellant's argument is that, the instrument being in writing, the oral testimony was inadmissible, in that it varied the terms of the writing. This argument obviously overlooks the fact that the evidence elicited did not in any sense vary the terms of the assignment. It is also insisted that the evidence violated the "best evidence" rule. Neither is this the case.

The testimony was competent, as evidencing an assent by the plaintiff to the assignment and its terms, by showing that the manager was present urging its execution, having in mind the specific releasing provision, which was included when the assignment was drawn and executed. The evidence was also admissible as tending to prove the consideration for the stipulation.

As to the assertion that the release is void, as against public [2] policy, it may be said that, where such a provision is included within an assignment for the benefit of creditors, and is attacked by a nonassenting creditor, such is probably the rule. When, as in the instant case, it is asserted that the

creditor who relies upon the invalidity actually assented to the provisions, the only questions to be determined are whether the language is sufficient to accomplish a release, and whether it was assented to. Here both questions must be answered in the affirmative. The language, "this assignor shall not be required to account to any creditor for any indebtedness whatsoever now incurred, or existing, against him," certainly shows that it was the intention of the executing parties that the assignors should be released from all liability. And where, as in this case, it is shown that the creditor, through its manager, requested an assignment to an assignee who is admittedly acting for it, suggesting to the assignor that it will release him from all debts, permits the assignee which is a corporation and of which the creditor is a "member," to take an assignment containing such a stipulation and accepts the distribution of the proceeds of liquidation thereunder, there is an assent which is binding on the creditor.

Whether or not in the first instance the manager had the [3] authority to bind the plaintiff by the release contained in the assignment, under the facts the plaintiff cannot escape the consequences. Certainly the agent had notice of facts which he should in good faith and in the exercise of ordinary care and diligence have communicated to plaintiff, if he did not actually do so. Under section 7959, Revised Codes of 1921, plaintiff is deemed to have notice of all such facts. Plaintiff voluntarily accepted the benefits of the transaction, and this was equivalent to a consent. (Sec. 7497, Rev. Codes 1921.)

It is, however, suggested that no consideration is shown [4] for such a release. We think that there was consideration therefor, in that the debtors, at the instance of the creditors, not only agreed to suffer, but actually suffered, a prejudice which they were not lawfully bound to suffer. (See sec. 7503, Rev. Codes 1921.)

The word "paid," as it was used in the findings of fact and conclusions of law, was inaccurate; yet the record dis-

closes that the result which was reached was correct, and that there was no error which should result in a reversal.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*